UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DAVID DANIEL,

       Plaintiff,

vs.

MARK HACKEL, et. al.,

       Defendants.
_____/

Civil Action No.
08-CV-14000

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER OF DISMISSAL**

### **I. Introduction**

This matter is presently before the Court on the Court's own review of Plaintiff's *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan. For the reasons stated below, the Court will dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim upon which relief can be granted and as barred by the doctrine of *res judicata*.

### **II. Legal Standard for Dismissal**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a § 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994). Pursuant to 28 U.S.C. §§

1

1915(e)(2)(B) and 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. Plaintiff's Complaint

Plaintiff has filed a lawsuit against seventeen defendants, including the Macomb County Sheriff, and sixteen of his employees. Plaintiff claims that while he was incarcerated in the Macomb County Jail on an unspecified criminal charge, the defendants took his legal mail and his legal property and retaliated against him as a pre-trial detainee prior to and during his criminal trial. For relief, Plaintiff seeks $750,000 in compensatory damages and $25 million in punitive damages.

### IV. Discussion

The Complaint is subject to dismissal because Plaintiff has failed to allege any facts which show each individual defendant's personal involvement or responsibility in the alleged constitutional violations.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983). Although plaintiff has listed these seventeen defendants in the caption of his Complaint, he entirely fails to identify them

or explain anywhere in his Complaint their roles in the alleged violations. The Complaint is therefore subject to summary dismissal pursuant to § 1915(e)(2)(B). *See Asberry v. Bisig,* 70 Fed. Appx. 247, 248-49 (6th Cir. 2003). Stated differently, Plaintiff's Complaint is subject to dismissal because Plaintiff has failed to allege with any degree of specificity which of the named defendants were personally involved in, or responsible for, each of the alleged violations of his federal rights. *See Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002); *see also Branham v. Jabe*, 853 F. 2d 926 (Table), 1988 WL 81713, * 1 (6th Cir. August 5, 1988) (district court properly granted summary judgment where prisoner in civil rights case failed to allege any personal involvement on the part of the defendants in the events complained of). Accordingly, the Court will dismiss Plaintiff's Complaint pursuant to § 1915(e)(2)(B).[1]

In addition, the claims contained in the present Complaint are barred by the doctrine of *res judicata*. On March 10, 2008, Plaintiff filed a *pro se* civil rights Complaint in which he alleged, in part, that "the Defendants . . . stole my mail . . ." *See Daniel v. Caruso*, 08-CV-11000 (E.D. Mich. Apr. 10, 2008), docket entry 1, p. 3. On April 10, 2008, Judge George Caram Steeh dismissed the complaint "as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)." *Id.* at docket entry 7, p. 3. According to the Sixth Circuit,

---

[1] The Court notes that Plaintiff has previously filed two civil rights complaints in this court, both of which that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See Daniel v. Granholm, et. al.,* 08-CV-10999 (E.D. Mich. April 11, 2008); *Daniel v. Caruso, et. al.,* 08-CV-11000 (E.D. Mich. April 10, 2008). Accordingly, Plaintiff is put on notice that this dismissal constitutes his "third strike" under the provisions of 28 U.S.C. § 1915(g), which prevents a prisoner who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Hurley v. Buentello,* 64 Fed. Appx. 418 (5th Cir. 2003); *Boles v. Matthews,* 173 F.3d 854 (Table), 1999 WL 183472 (6th Cir. March 15, 1999).

3

a claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). All four requirements are satisfied with respect to the present claim. The doctrine of *res judicata* therefore bars this Court, or any other court, from considering the issue again.[2]

### V. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed with prejudice (1) for failure to state a claim upon which relief could be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and (2) as barred by the doctrine of *res judicata*.

IT IS FURTHER ORDERED that any appeal by Plaintiff would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: September 25, 2008  
      Detroit, Michigan

S/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Moreover, the Sixth Circuit has stated that the doctrine of *res judicata* may be raised by the district court, *sua sponte*, "in the interest[] of . . . the promotion of judicial economy." *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).